## ANNA M. RIEHLE.

*v.*

## ALBERT C. HEULINGS.

A complainant had, by final decree, established her right to an easement (a right of way appurtenant) over defendant's lands, and necessary to the enjoyment of the complainant's property, and defendant was thereby directed to open the way and to permit complainant to use it, an *ex parte* order suspending the operation of the decree pending an appeal therefrom was, after argument, vacated.

Motion to vacate order staying operation of final decree pending appeal. On affidavits.

*Mr. S. K. Robbins,* for complainant.

Riehle v. Heulings.

*Mr. F. Voorhees,* for defendant.

THE CHANCELLOR.

The controversy between the parties was as to the complainant's right to use a passage-way over the defendant's lot, which adjoins hers. There was a final decree establishing her right, as claimed, and requiring the defendant to open the way (he had obstructed it) and to permit her to use it. From the decree the defendant appealed, and he obtained an *ex parte* order staying the operation of the decree pending the appeal. The complainant now moves, on notice, to vacate that order. The defendant insists that having appealed within ten days from the filing of the decree, he has a right to have the operation of the decree stayed pending the appeal. It was said in *Schenck* v. *Conover, 2 Beas. 31,* that in the exercise of the discretion of the court, on applications under the rule (which, in terms, refers to stay of process),

NOTE.—After bond given, a pending appeal or writ of error ordinarily stays or suspends all proceedings in the lower court, *Thornton* v. *Mahoney, 24 Cal. 569; Murphy* v. *Merritt, 63 N. C. 502; Gale* v. *Butler, 35 Vt. 449; Turner* v. *Scott, 5 Rand. 332; Lewis* v. *St. Louis R. R., 59 Mo. 495; Kimbrough* v. *Mitchell, 1 Head 539; Corarrubias* v. *Supervisors, 52 Cal. 622; De Figaniere* v. *Young, 2 Robt. (N. Y.) 670; Goddard* v. *Ordway, 94 U. S. 672; Wade* v. *American Colonization Soc., 4 Sm. & Marsh. 670; Archer* v. *Hart, 5 Fla. 234; Freeman* v. *Ewell, 1 J. J. Marsh. 193; Douglass* v. *Manistee Judge, 42 Mich. 495; Douglass* v. *Haberstro, 62 How. Pr. 29.*

An appeal, itself, does not stay proceedings on the order appealed from, *Chegary* v. *Scofield, 1 Hal. Ch. 525; Peer* v. *Cookerow, 1 McCart. 361, 365; Allen* v. *Hopper 4 Zab. 514; Garrow* v. *Carpenter, 4 Stew. & Port. 336; Orchard* v. *Hughes, 1 Wall. 73;* but whether the order or decree shall be enforced or not, notwithstanding the appeal, rests in the discretion of the chancellor, to whom application to carry it out should be made, *2 Dan. Ch. Pr. \*1467–\*1471; Waldo* v. *Caley, 16 Ves. 213; Macnaghten* v. *Boehm, 1 J. & W. 48; Wood* v. *Milner, Id. 636; Green* v. *Winter, 1 Johns. Ch. 77; Ringgold's Case, 1 Bland 15; 2 Joyce on Inj. 1319 (Part III. § 17);* see *Penrice* v. *Wallis, 37 Miss. 172; Hewatt* v. *Nolan, L. R. (4 Irish Eq.) 405; Rowley* v. *Adams, 9 Beav. 348; Potter* v. *Gibbons, (N. J. Ch.) 2 N. J. L. J. 47.*

Nor does a petition or order of the court for a rehearing, of itself, stop proceedings under the decree, unless the court specifically so directs, *Vose* v. *Trustees, 2 Woods 647.*

In the following instances, a stay of proceedings, pending an appeal, was refused: where the holder of a policy of insurance had recovered from the

Riehle *v.* Heulings.

if the court sees that if the decree should be reversed the party cannot be set right again, there is a strong reason for a stay of execution; but if, on the other hand, a stay of execution is unnecessary to protect the rights of the appellant under the appeal, and must operate prejudicially to the complainant, the court ought not to interfere. It was said by Lord Eldon in *Monkhouse* v. *Corporation of Bedford, 17 Ves. 380, 382,* that the execution of the decree would not be stayed in chancery, on appeal, unless the court saw that if it should turn out to be wrong the party could not be set right again, and Lord Justice Sir W. Page Wood, in *Walford* v. *Walford, L. R. (3 Ch.) 812,* said the correct course is to stay proceedings pending an appeal only when the proceedings would cause irreparable injury to the appellant, and he adds that mere inconvenience and annoyance are not enough to take away from a successful party the benefit of his decree. See, also, *Van Walkenburgh* v. *Rahway Bank, 4 Hal.*

company, and the money was ordered to be paid into court pending an appeal by the defendants, and the court of appeal in chancery reversed the decree and dismissed the bill, whereupon the plaintiff appealed to the house of lords; and the court of appeal in chancery refused to order the money to be retained in court, pending plaintiff's appeal, *Atherton* v. *British Assn. Co., L. R. (5 Ch. App.) 720;* where D. recovered judgment against N., from which N. appealed; but before the appeal could be prosecuted, the clerk's office, including the record of D.'s judgment, was destroyed by fire, and therefore the appeal was not proceeded with, the court would not stay an action of debt by D., on his judgment, *Newcomb* v. *Drummond, 4 Leigh 57;* see *Nill* v. *Comparet, 16 Ind. 107;* where a decree for the foreclosure of a railroad mortgage had been made, and an appeal therefrom taken to the United States supreme court, was still pending, which that court refused to dismiss, but vacated the *supersedeas, Farmers Loan and Trust Co.* v. *Central R. R., 4 Dill. 533;* where the appellant procured an order allowing him to prosecute his appeal *in forma pauperis, Leach* v. *Jones, 86 N. C. 404;* where one year's imprisonment in the state prison was cause for divorce, and the defendant had been imprisoned for more than a year, although a writ of error, on which his judgment and sentence might be reversed, was still pending, *Cone* v. *Cone, 58 N. H. 152;* where defendants had been enjoined from building a railroad, and, after they had appealed therefrom, and had obtained an order staying all proceedings by the plaintiff, proceeded with the construction of their road, and plaintiff had obtained an order which required the defendants to show cause, on two days' notice, why they should not be attached for contempt for violating the injunction, which order the general term had set aside because discretionary, and not the usual

Riehle v. Heulings.

*Ch. 725; Jewett* v. *Dringer, 2 Stew. Eq. 199; Central R. R. Co.* v. *Standard Oil Co., 6 Stew. Eq. 372,* and *Harrington* v. *Harrington, L. R. (3 Ch.) 564.* The justice of giving to the successful party the benefit of his decree pending an appeal, is especially manifest where the subject of the controversy is the right to an easement. In this case the complainant's right to an easement, necessary for the enjoyment of her property, has been established, and it appears that no injury will be done to the defendant's premises by the use of the way over them pending the appeal. There is no valid reason for denying to the complainant the full benefit of her decree pending the appeal. The order staying the operation of the decree will therefore be vacated, with costs, and she will be permitted to have the full benefit of her lawful right to enjoy the way, notwithstanding the appeal.

course of proceeding, an appeal from the general term's order was dismissed because discretionary, and not appealable, although the plaintiff's right to enforce the injunction, pending the appeal therefrom, was conceded, *Sixth Ave. R. R.* v. *Gilbert R. R., 71 N. Y. 430;* where, after an injunction prohibiting the defendant from obstructing a public road had been granted, the county commissioners authorized the road to be shut up. The defendant, who was the owner of the land over which the road ran, without obtaining a dissolution of the injunction, shut it up, and was ordered to restore the road, and for non-compliance, was attached, and ordered to be fined and to remove his obstructions. From this order he appealed, and a motion to dismiss the appeal was refused, *Williamson* v. *Carman, 1 Gill & Johns. 184;* where the district court granted an injunction restraining a trespasser from mining, from which he appealed, gave bond, and continued his trespasses, for which plaintiff asked an attachment for contempt, and it was refused, on the ground that the appeal superseded the injunction. A *mandamus* was allowed, to compel the district judge to issue the attachment, *Merced Mining Co.* v. *Fremont, 7 Cal. 130;* where an injunction to restrain a sale of land on execution was denied, and plaintiff thereupon appealed and filed a *supersedeas* bond, notwithstanding which, the sheriff proceeded with the sale, *Troupe* v. *Eade, 42 Iowa 552;* where the parties had been partners in business, and after dissolution, complainant, alleging that defendant was selling his share of the firm's goods and excluding him from the store, obtained an injunction, from which defendant appealed, and then continued selling as before, whereupon he was attached by order of the judge who had granted the injunction, *Matthews* v. *Chase, 41 Ind. 356.—*REP.